J-S32008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD MICHAEL LINGAFELT, JR. | : | |
| | : | |
| Appellant | : | No. 214 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 16, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002552-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD MICHAEL LINGAFELT, JR. | : | |
| | : | |
| | : | No. 215 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 16, 2021
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002179-2020

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY PANELLA, P.J.:  **FILED: DECEMBER 1, 2022**

Todd Michael Lingafelt, Jr., appeals from the judgments of sentence imposed following his *nolo contendere* plea in two separate cases to three counts of sexual assault, two counts each of aggravated indecent assault and indecent assault without consent, and one count each of indecent assault by

force and simple assault.[1] **See** 18 Pa.C.S.A. §§ 3124.1; 3125(a)(1); 3126(a)(1); 3126(a)(2); 2701(a)(1). Lingafelt argues that the trial court abused its discretion by imposing an excessive sentence without properly accounting for his juvenile status at the time of the assaults. We affirm.

On July 7, 2009, 14-year-old Lingafelt connected with a 14-year-old girl online and agreed to meet her in person. Upon meeting the victim, he digitally penetrated her vagina by force and had non-consensual intercourse with her. On August 12, 2010, 15-year-old Lingafelt met a separate victim, who was 16 years old, online and they agreed to meet in a secluded area in a park. There, Lingafelt pushed the victim down onto a rock and engaged in non-consensual anal and oral intercourse with her.

At trial court docket 2552-2019, the Commonwealth charged Lingafelt with crimes arising out of the August 12, 2010 assault. At trial court docket 2179-2020, the Commonwealth charged Lingafelt with crimes arising out of the July 7, 2009 assault. On September 24, 2021, Lingafelt entered open pleas of *nolo contendere* to the above crimes in the two cases. The trial court accepted the pleas, and subsequently sentenced Lingafelt to an aggregate term of 3 to 8 years in prison at trial docket number 2552-2019 and an aggregate term of 3 to 7 years in prison at trial docket number 2179-2020. The trial court ordered the sentences be served consecutively. Lingafelt filed

---

[1] This Court consolidated Lingafelt's appeals *sua sponte* on March 10, 2022.

a post-sentence motion, which the trial court denied. These timely appeals followed.

On appeal, Lingafelt raises the following question for our review: "Was the imposition of consecutive sentences on Information Numbers 2552-2019 and 2179-2020, for an aggregate sentence of 6 to 15 years' incarceration, manifestly excessive under the circumstances and an abuse of the court's discretion?" Appellant's Brief at 6.

Lingafelt challenges the discretionary aspects of his sentence.[2] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts

> a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, Lingafelt filed a timely appeal and preserved his claim in his post-sentence motion. Lingafelt also included a separate Rule 2119(f) Statement

---

[2] We note that when a defendant enters an open plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

in his brief; accordingly, we will review his Rule 2119(f) statement to determine whether he has raised a substantial question. **See Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012) (stating that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." (citation omitted)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Edwards**, 71 A.3d 323, 330 (Pa. Super. 2013). "A substantial question [exists] only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation omitted).

In his Rule 2119(f) statement, Lingafelt argues that the trial court imposed an excessive sentence, without properly considering his age at the time of the assaults and his lack of criminal record since he turned 18 years old. **See** Appellant's Brief at 14-15. This claim raises a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (concluding that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." (citation omitted)).

Our standard of review of a challenge to the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Watson*, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

Lingafelt contends the trial court abused its discretion by imposing a manifestly excessive sentence. *See* Appellant's Brief at 16. While conceding that the imposition of consecutive, rather than concurrent, sentences is generally within the discretion of the trial court, Lingafelt argues that his aggregate sentence was unreasonable because he was a juvenile at the time of the assaults, and he did not have criminal convictions since he became an adult. *See id.* at 16, 18-19, 20-21. Lingafelt asserts the trial court's consideration of his age did not properly reflect an understanding of the facts of the case, noting the court failed to recognize that juveniles tend to act impulsively based on momentary urges and have an inability to understand the consequences. *See id.* at 21-25. Lingafelt further emphasizes that he has been in a stable relationship for over seven years and has children. *See id.* at 24. Therefore, Lingafelt claims that the imposition of consecutive sentences

was manifestly excessive and demonstrated an abuse of discretion. *See id.* at 25.

Here, the trial court considered the presentence investigation report prior to imposing the sentence. *See* N.T., 12/16/21, at 2. Further, the trial court heard a victim impact statement from the woman who was 16 years old when she was assaulted. *See id.* at 2-6. The trial court also heard statements from Lingafelt's fiancée, brother, and mother. *See id.* at 11-14. The trial court considered Lingafelt's age at the time the assaults were committed; the violent nature of the crimes; Lingafelt's personal and family life, including that he has four children; his lack of prior criminal history as an adult; and his remorse. *See id.* at 7-10.

In imposing the sentence, the trial court noted that although Lingafelt was a juvenile, the assaults were not the result of a spur of the moment decision but instead involved prior contacts and reflected that Lingafelt appreciated the consequences of his actions. *See id.* at 15-16. The trial court then imposed separate sentences for the crimes arising out of the two cases and ordered them to run consecutively. *See id.* at 17.

Upon review, the trial court considered Lingafelt's age but rejected his claim that his assaults were a result of impulsive action, highlighting the element of planning by Lingafelt as he contacted the victims prior to meeting them, and the violent nature of the assaults. Further, the trial court considered the presentence investigation report and mitigating factors, including

Lingafelt's lack of criminal history as an adult, his family, and his remorse. Here, the trial court was properly apprised of and considered all relevant factors in fashioning Lingafelt's sentence, and there is no indication that the trial court ignored any factors. **See Watson**, 228 A.3d at 936 (stating that where the trial court is informed by a presentence investigation report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed). Therefore, the trial court did not abuse its discretion in imposing consecutive sentences due to the fact there were two victims. **See Commonwealth v. Taylor**, 277 A.3d 577, 593 (Pa. Super. 2022) (noting that the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." (citation omitted)).

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2022